

FILED
CLERK, U.S. DISTRICT COURT

MAR − 6 2026

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN MARTINEZ,<br><br>Defendant. | Case No.  CR 26-114-SVW<br><br>ORDER OF DETENTION |

## I.

On March 6, 2026, Defendant Edwin Martinez made his initial appearance on the Indictment filed in this matter.  Anthony Nehme, a member of the CJA Defense Panel, was appointed to represent Defendant.  The government was represented by Assistant United States Attorney Jun Nam.  Defendant submitted on the

recommendation of detention in the report prepared by Probation and Pretrial Services.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation prepared by U.S. Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ history of failures to appear, issuance of bench warrants and multiple active warrants

☒ criminal history includes violations of supervision

☒ Defendant is detained in a pending case

As to danger to the community:

☒ allegations in the indictment include racketeer influenced corrupt organizations conspiracy, and defendant's role in the alleged conspiracy is that of picking up proceeds of drug sales and illegal gambling operations conducted by members of the gang.

☒ Criminal History includes felony convictions for robbery and drug related offenses for which bench warrants were issued for parole violations.

☒ alleged gang membership

☒ Defendant is currently detained in case no. CR 25-0123-CV.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the

person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 6, 2026

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE